EDGAR STUDWELL, APPELLANT, v. JOHN BAXTER AND
OTHERS, COMMISSIONERS OF HIGHWAYS OF THE TOWN OF PELHAM,
RESPONDENTS.

SAME v. SAME.

*Costs* — *no trial fee allowed where the action is discontinued before a trial is actually
had* — *Code of Civil Procedure, sec. 3251, sub. 3.*

Upon an action coming on for trial before the court and a jury an order was
made, upon the motion of the plaintiff, allowing him to discontinue the action
upon the payment to the defendants of their costs.

*Held,* that in taxing the costs the clerk erred in allowing a fee for the trial of an
issue of fact and disbursements for the entry of judgment, filing transcript and
issuing execution.

APPEALS from an order in each of the above entitled actions,
denying a motion to retax costs by disallowing an item of thirty
dollars for trial fee, and subsequent disbursements as allowed by the
clerk in each action.

The two actions were brought against the defendants, as commis-
sioners of highways of the town of Pelham, to recover for injuries
resulting from their neglect to repair the Boston turnpike where it
had been washed out.

Upon the case coming on for trial a motion was made by the
plaintiff for leave to discontinue the action, without costs. The
court reserved its decision until after the circuit had adjourned,
when orders were made permitting the actions to be discontinued
on payment of costs. The defendants served bills of costs under
these orders, claiming a trial fee of thirty dollars in each action, and
also disbursements for entry of judgment, filing transcript and issu-
ing execution. On the taxation before the clerk plaintiff presented
an affidavit showing that there had been no trial in either action
and objected to these items of costs and disbursements. The objec-
tions were overruled and the costs taxed as claimed by defendants.

*George W. Stephens*, for the appellant.

*Martin J. Keogh*, for the respondents.

PRATT, J.:

There was no warrant in law for taxing a trial fee in these cases.
Section 3251 of the Code, subdivision 3, provides for costs as follows:

" For all proceedings, after notice of trial, and before trial, * * * fifteen dollars. * * * For the trial of an issue of fact, thirty dollars."

Manifestly there can be no allowance for a trial fee unless there has been in fact a trial, as the previous item of fifteen dollars embraces all proceedings up to the time of the trial. The question to be determined is, therefore, was there or not a trial in these cases when no jury was ever impanneled.

In *Third National Bank* v. *McKinstry* (2 Hun, 443) a trial fee was disallowed in a case where the trial had been actually commenced, but had been stopped after a witness had been sworn and the cause sent to a referee, the court saying Mr. Justice GILBERY delivering the opinion : " A trial is a judicial examination of the issues between the parties. * * * But when the court refuses to examine the issues, * * * it would be a stretch of common sense and of law to hold that there had been a trial."

*Sutphen* v. *Lash* (10 Hun, 120) is directly in point. There had been a regular dismissal which had been set aside ; the cause was then brought on for trial a second time, when plaintiff obtained an order of discontinuance. It was held that defendant could only have a trial fee for the *first* trial. The head note of the case directly states the point decided by the court.

There are *dicta* in some old cases to the effect that if a party is all ready to try a cause, and is prevented by a settlement or similar act, he may have a trial fee for his labor in getting ready to try. All of those cases were cited by counsel in the case in 2 Hun, and must be considered as overruled. And the plain answer to them is that the law only allows the fee for a trial, the labor of preparing for it being provided for in the other item of fifteen dollars. Under the orders made at circuit, the plaintiff has leave to discontinue on payment of costs. If he does not avail himself of the privilege the cases remain in the condition they were in when the orders were made. (*Society of N. Y. Hos.* v. *Coe*, 15 Hun, 440.)

The orders should be reversed, with costs and disbursements.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Orders reversed, with costs and disbursements on each appeal.